**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOSE CHARACTERS FROM CLEVELAND, LLC,<br><br>Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Civil Action No. 26-cv-2445 |

## ~~[PROPOSED]~~ FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court upon Motion by Plaintiff Those Characters From Cleveland, LLC ("Plaintiff") for entry of a default judgment and permanent injunction against the Defendants identified on Schedule "A"[1] hereto (hereinafter referred to as "Defaulting Defendants") for Defaulting Defendants' trademark and copyright infringement arising out of Defaulting Defendants' use of Plaintiff's federally registered trademarks (collectively, "Plaintiff's IP") in a willful attempt to pass off their goods as genuine versions of Plaintiff's goods (collectively, the "Infringing Products") in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Infringing Products. Plaintiff's IP consists of U.S. Trademark Registration Nos. 1,270,509; 1,294,343; 3,767,824; and 6,748,823 (the "CARE BEARS Marks") and U.S. Copyright

[1] Defendants previously dismissed are listed as "DISMISSED."

Registration Nos. VA 1982408; VAu 1387240; VAu 1391157; VAu 1395793; VAu 1436621; and VAu 1521584 (the "CARE BEARS Works").

The Court, having considered the Plaintiff's Motion for Default Judgment and Permanent Injunction, the Certificates of Service of the Summons and Complaint, the Entries of Default by the Clerk of the Court, and all other pleadings and papers on file in this Action, it is hereby ORDERED as follows (hereinafter, "Order"):

The Court finds that service was properly effected under Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), the Court's alternative-service order, and due process because Defaulting Defendants' physical addresses were unknown after reasonable investigation and electronic service was reasonably calculated to provide notice.

The Court may exercise personal jurisdiction over Defaulting Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and New York C.P.L.R. § 302(a)(1) and (a)(3), or alternatively pursuant to Federal Rule of Civil Procedure 4(k)(2), because Defaulting Defendants conduct, transact, and solicit business through fully interactive commercial internet stores; target consumers in the United States, including New York and this Judicial District; and accept orders from and offer to ship Infringing Products to addresses in this Judicial District. On the admitted allegations, exercising personal jurisdiction over Defaulting Defendants comports with due process and traditional notions of fair play and substantial justice.

## I. DEFAULTING DEFENDANTS' LIABILITY

Judgment is granted in favor of Plaintiff on all claims asserted against Defaulting Defendants listed on Schedule A attached hereto.

On default, the well-pleaded factual allegations of the Complaint are deemed admitted. Based on the record, Plaintiff has established ownership of valid trademarks and valid copyrights

in the works identified in the Amended Complaint and that Defendants used reproductions, counterfeits, copies, or colorable imitations of those marks in distributing and selling infringing goods through online storefronts.

Plaintiff has further shown that Defendants' infringement was willful, including through concealment of identity, use of aliases, and operation of online stores marketing unauthorized goods bearing copies, reproductions, and imitations of Plaintiff's IP. Accordingly, Defendants are liable for willful trademark infringement under 15 U.S.C. § 1114 and willful copyright infringement under 17 U.S.C. § 501.

## II. DAMAGE AWARDS

This Court finds that Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. § 504(c)) and willful trademark infringement (15 U.S.C. § 1117). Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of Fifty Thousand dollars ($50,000) for willful infringing use of the CARE BEARS Works on Infringing Products sold by Defaulting Defendants. Pursuant to 15 U.S.C. § 1117, Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of Fifty Thousand dollars ($50,000) for willful infringing use of counterfeit versions of Plaintiff's IP on Infringing Products sold by Defaulting Defendants. These awards shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Exhibit A.

## III. PERMANENT INJUNCTION

IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any

Defaulting Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

a) using Plaintiff's IP in any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of the Plaintiff or not authorized by Plaintiff to be sold;

b) passing off, inducing, or enabling others to sell or pass off any product as a genuine product of the Plaintiff or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

c) committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d) manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks or copyrights, including Plaintiff's IP, or any reproductions, infringing copies, or colorable imitations.

IT IS FURTHER ORDERED that online marketplace platforms, payment processors, and other service providers associated with Defaulting Defendants' online marketplace accounts and storefronts (collectively, the "Third Party Providers") are permanently enjoined and restrained from:

e) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' assets from or to financial accounts associated with or utilized by any Defaulting Defendant or any Defaulting Defendant's financial accounts or merchant storefronts (whether said account is located in the U.S. or abroad).

IT IS FURTHER ORDERED that the Third-Party Providers and any other financial institutions providing services for Defendants shall be permanently restrained and enjoined from engaging in any of the following acts or omissions:

f) Providing services to Defaulting Defendants, Defaulting Defendants' financial accounts and Defaulting Defendants' merchant storefronts, including, without limitation, continued operation of Defaulting Defendants' financial accounts and merchant storefronts which are connected in any way with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's trademarks or copyrights, including Plaintiff's IP.

## IV. POST-JUDGMENT ASSET TRANSFER AND ASSET FREEZE ORDER

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' assets from Defaulting Defendants' financial accounts that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen

Assets" and "Defaulting Defendants' Frozen Accounts"), are to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' individual damages award, hereby released and transferred to Plaintiff as full satisfaction of the Defaulting Defendants' individual damages award for that Defaulting Defendant. Those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff through Plaintiff's counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' individual damages award, the Third Party Provider holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' individual damages award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of the Defaulting Defendants' individual damages award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff, by the Third-Party Provider through Plaintiff's counsel forthwith.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of the Defaulting Defendants' individual damages award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order:

a) until Plaintiff has recovered the full payment of the Defaulting Defendants' individual damages award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' financial accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Third Party Providers controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

b) upon notice of this Order, Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and,

c) no later than after twenty (20) business days following the service of this Order on Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' individual damages award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's

counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Third Party Providers holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiff a breakdown reflecting: the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiff.

## V. MISCELLANEOUS RELIEF

a) Upon Plaintiff's request, the Third-Party Provider(s) shall disable and/or cease facilitating access to the seller aliases identified on Exhibit A (the "Seller Aliases"), including tombstoning, deleting, and/or suspending identified product listings, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

b) The Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by the Defendants in connection with the Defendants' promotion, offering for sale, and/or sale of Infringing Products;

c) Upon the Plaintiff's request, any online marketplace platform, website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff;

d) Any failure by Defaulting Defendants to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

e) Interest from the date this action was filed shall accrue at the legal rate pursuant to 28 U.S.C. § 1961;

f) The full amount of any surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Whitewood Law PLLC. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel;

g) Plaintiff shall serve the Defaulting Defendants with a copy of this Order in accordance with the Alternative Service Order; and,

h) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

SO ORDERED this 5th day of November, 2026.

Loretta A. Preska

Hon. Loretta A. Preska

United States District Judge

## SCHEDULE A

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | ADAN wardrobe | Temu | 634418219482908 |
| 2 | ADSeeker | Temu | 634418220184970 |
| 3 | Ageunitybest | Temu | 634418219736475 |
| 4 | ArtillcllallelleIlellellellellellellstellA | Temu | 634418219256413 |
| 5 | Aurora Style | Temu | 634418220014116 |
| 6 | Beautiful Home two | Temu | 634418220661980 |
| 7 | Bestchicgifts | Temu | 634418219736510 |
| 8 | BingfenS | Temu | 634418219693317 |
| 9 | blackcap | Temu | 634418222235661 |
| 10 | BLADD | Temu | 634418219388587 |
| 11 | CAALEB | Temu | 634418218306767 |
| 12 | CasualChicMensTees | Temu | 634418222288490 |
| 13 | CCCFA | Temu | 634418218672759 |
| 14 | Chaohui Purchase | Temu | 634418212981789 |
| 15 | Ciderella | Temu | 634418215690884 |
| 16 | CoolGirl Cloth Local | Temu | 634418218947452 |
| 17 | DISMISSED | DISMISSED | DISMISSED |
| 18 | DaLangDD | Temu | 634418219854430 |
| 19 | Davids Selection | Temu | 634418219070568 |
| 20 | DAYONEE | Temu | 634418219924174 |
| 21 | DIYfabricator | Temu | 634418219803180 |
| 22 | Drape Dazzle | Temu | 634418219611513 |
| 23 | DISMISSED | DISMISSED | DISMISSED |
| 24 | Elephant ANG | Temu | 634418219019472 |
| 25 | ETUPGHAN | Temu | 634418218934492 |
| 26 | EvaaaSore | Temu | 634418219836209 |
| 27 | Fenglin Evening Clothing | Temu | 634418220064650 |
| 28 | GNN FASHION | Temu | 634418220314162 |
| 29 | Great T Wall | Temu | 634418222156372 |
| 30 | Halfeey | Temu | 634418220690504 |
| 31 | Han Brothers | Temu | 634418219627976 |
| 32 | HAPPIME | Temu | 634418219629421 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 33 | Happy Pillow | Temu | 634418219017775 |
| 34 | HDDFSS | Temu | 634418220258879 |
| 35 | He FCustom | Temu | 634418220140574 |
| 36 | HSS STUDIO | Temu | 634418218666370 |
| 37 | HuangShengLian | Temu | 634418222536374 |
| 38 | JIAYI PU | Temu | 634418219963209 |
| 39 | jinhaotanjiaA | Temu | 634418219274580 |
| 40 | JINXYJ | Temu | 634418219801841 |
| 41 | DISMISSED | DISMISSED | DISMISSED |
| 42 | key APT | Temu | 634418219065092 |
| 43 | LINFENGOOD | Temu | 634418218479578 |
| 44 | LooPoP | Temu | 634418219797402 |
| 45 | Love In Life | Temu | 6320499441287 |
| 46 | DISMISSED | DISMISSED | DISMISSED |
| 47 | luxacres | Temu | 634418219887904 |
| 48 | man seven | Temu | 634418218999064 |
| 49 | manmanT | Temu | 634418218987194 |
| 50 | MAXIKKDYJH | Temu | 634418218431670 |
| 51 | Meaningful Time | Temu | 634418219490963 |
| 52 | NewDiy Zone | Temu | 634418217523356 |
| 53 | NEWDV Specialty | Temu | 634418218205377 |
| 54 | OdeRin | Temu | 634418218410244 |
| 55 | OOYEEOO | Temu | 634418217967023 |
| 56 | OPPAYWXH | Temu | 634418219416137 |
| 57 | Phoenix QL | Temu | 634418219591375 |
| 58 | POODKLWXH | Temu | 634418219416560 |
| 59 | Premium local | Temu | 634418219752362 |
| 60 | Quest Menswear | Temu | 634418220235630 |
| 61 | sixthirts | Temu | 634418222279896 |
| 62 | Smile Yan | Temu | 634418214029641 |
| 63 | Smm fun sticker shop | Temu | 634418213521132 |
| 64 | Spshia Long | Temu | 634418219386387 |
| 65 | SSRz STUDIO | Temu | 634418218435643 |
| 66 | StreetFusion | Temu | 634418218516204 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 67 | Strive for life | Temu | 634418213610535 |
| 68 | Suil | Temu | 634418215635116 |
| 69 | SuperDealArt | Temu | 634418218731679 |
| 70 | Tee Shirts Home | Temu | 634418219427495 |
| 71 | TeeAmerica | Temu | 634418217245677 |
| 72 | TEEM XXC | Temu | 634418221006397 |
| 73 | DISMISSED | DISMISSED | DISMISSED |
| 74 | The Beautiful Life of a Leaf | Temu | 634418213769995 |
| 75 | DISMISSED | DISMISSED | DISMISSED |
| 76 | DISMISSED | DISMISSED | DISMISSED |
| 77 | The sixth week | Temu | 634418221078158 |
| 78 | TrendTeller | Temu | 634418220742341 |
| 79 | Trump Style | Temu | 634418219341558 |
| 80 | Wen Da Da Home clothing | Temu | 634418220483094 |
| 81 | WENDI LIFE | Temu | 634418219741590 |
| 82 | whqhus | Temu | 634418215267003 |
| 83 | WHYWHITE | Temu | 634418218234104 |
| 84 | Xytech | Temu | 634418220073752 |
| 85 | Yaho Blankets | Temu | 634418217680797 |
| 86 | YaXing Chao Pai | Temu | 634418220172724 |
| 87 | Yopbsn | Temu | 634418218838330 |
| 88 | young lin | Temu | 634418219924222 |
| 89 | ZRENX | Temu | 634418220040344 |
| 90 | ZYXH Trade | Temu | 634418219505519 |